E-FILED
Tuesday, 26 April, 2011 02:38:57 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM DALE CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 11-3110 |
| ) | |
| ALLEN MARTIN, Acting Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

On April 25, 2011, Petitioner, William Dale Carter, filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and/or 28 U.S.C. §§2241, 2244, or 2254 (Petition) (d/e 1). Because the Petition reflected that Petitioner was incarcerated at Shawnee Correctional Center, the case was docketed as a §2254 habeas petition. However, in his Petition, Petitioner does not challenge the State court judgment that led to Petitioner's incarceration. Instead, Petitioner attempts to challenge the Adams County case denying Petitioner visitation rights with this children (Adams County case No. 08-F-138), the Illinois Fourth District Appellate Court's order affirming the trial court (No. 4-10-0102), and the Illinois Supreme Court's denial of Petitioner's petition for leave to appeal (No. 111905). As relief, Petitioner seeks (1) a declaration that the acts and omissions of the

Illinois state courts have violated the rights of Petitioner and his children and (2) an order voiding the lower courts' orders and/or reversal and remand with directions.

This Court lacks subject-matter jurisdiction because Petitioner's claim is barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine "'precludes lower federal court jurisdiction over claims seeking review of state court judgments *** [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" Taylor v. Federal National Mortgage Association, 374 F.3d 529, 532 (7th Cir. 2004), quoting Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002). Because Petitioner directly seeks to set aside a state court judgment, which is a de facto appeal, the claim is barred without additional inquiry. See Taylor, 374 F.3d at 532 (also noting that federal claims that do not on their face require review of a state court judgment may still be subject to the Rooker-Feldman doctrine if the claims are "inextricably intertwined" with the state court judgment).

Therefore, Petitioner's Petition (d/e 1) is DISMISSED for lack of subject-matter jurisdiction. CASE CLOSED.

Dated:   April 26, 2011					    s/Sue E. Myerscough
							SUE E. MYERSCOUGH
							 United States District Judge